### UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |
|---|---|
| SIGN-ZONE LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  **Court No. 24-00249**<br>)<br>)<br>)<br>) |

### COMPLAINT

1.  Plaintiff Sign-Zone LLC ("Plaintiff" or "Sign-Zone"), by and through its attorneys, hereby alleges and states as follows:

### JURISDICTION

2.  Plaintiff brings this action pursuant to 19 U.S.C. §§ 1516a(a)(2) and 1516a(a)(3) to contest certain aspects of the determination by the U.S. Department of Commerce ("Commerce") in *Aluminum Extrusions from the People's Republic of China: Final Affirmative Countervailing Duty Determination*, 89 Fed. Reg. 80,526 (Oct. 3, 2024) (hereinafter "Final Determination") and accompanying Final Scope Issues and Decision Memorandum (Sept. 26, 2024) (hereinafter "Final Scope Memo"). Specifically, this action contests, as unsupported by substantial evidence on the record and otherwise not in accordance with law, the portion of Commerce's Final Scope Memo in which Commerce determined that it had the legal authority to include within the scope of investigation, and did in fact include, "inputs" to imported merchandise, as opposed to the actual imported merchandise itself.

3.  This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), because this action is commenced pursuant to 19 U.S.C. § 1516a.

## TIMELINESS

3.  On November 22, 2024, the U.S. International Trade Commission ("ITC") published in the Federal Register a final determination that an industry in the United States is not materially injured or threatened with material injury by reason of imports of aluminum extrusions from China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam. *Aluminum Extrusions From China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam*, 89 Fed. Reg. 92,720 (Int'l Trade Comm'n Nov. 22, 2024).

4.  Plaintiff filed a Summons in this action on December 20, 2024, within the 30-day time period after publication of the ITC's final negative injury determination in the Federal Register, as required under 19 U.S.C. § 1516a(a)(3). This Complaint is filed within 30 days of the filing of the Summons, and therefore is timely filed pursuant to 19 U.S.C. § 1516a(a)(2).

## STANDING

5.  Plaintiff is a U.S. importer of subject aluminum extrusions from China, and therefore is an interested party within the meaning of 19 U.S.C. § 1677(9)(A) and 1516a(f)(3). Plaintiff was a party to the Commerce proceeding that culminated in the determination that is being challenged herein and participated in the proceeding by filing briefs challenging that determination. Accordingly, Plaintiff has standing pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c) to commence this action.

## **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

6.      On October 4, 2023, the U.S. Aluminum Extruders Coalition and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (collectively the "Coalition") file antidumping and countervailing duty petitions on aluminum extrusions from Mexico and several other countries.

7.      On October 31, 2023, Commerce published a notice initiating the antidumping duty investigation. *Aluminum Extrusions From the People's Republic of China, Indonesia, Mexico, and the Republic of Turkey: Initiation of Countervailing Duty Investigations*, 88 Fed. Reg. 74,433 (Oct. 31, 2023).

8.      On March 11, 2024, Commerce published its preliminary determination. *Aluminum Extrusions from the People's Republic of China: Preliminary Affirmative Countervailing Duty Determination, and Alignment of Final Determination With Final Antidumping Duty Determination*, 89 Fed. Reg. 17,394 (March 11, 2024) ("Preliminary Determination").

9.      In its Preliminary Determination, Commerce stated that the scope of investigation "also covers aluminum extrusions that are imported with non-extruded aluminum components beyond fasteners, whether assembled at the time of importation or unassembled, that are a part or subassembly of a larger product or system." *Id*. at 17,397.

10.     Commerce also stated in its Preliminary Determination, however, that "[o]nly the aluminum extrusion portion of the merchandise described in this paragraph, whether assembled or unassembled, is subject to duties." *Id*.

11.     On July 24, 2024, a group of companies that included the Complainants filed a case brief regarding scope issues, which brief included objections to the portions of the scope language

purporting to include inputs to downstream products within the scope of investigation. Scope Case Brief on Behalf of the Downstream Industry Coalition (July 24, 2024), at 8-19.

12. On October 3, 2024, Commerce published its Final Determination.

13. In the Final Determination and the Final Scope Memo, Commerce stated that the scope of investigation "also includes aluminum extrusions contained in merchandise that is a part or subassembly of a larger whole, whether or not the merchandise also contains a component other than aluminum extrusions that is beyond a fastener." Final Determination, 89 Fed. Reg. at 80,528; Final Scope Memo, Appendix I, at 114. Commerce also stated that "[o]nly the aluminum extrusion portion of the merchandise described in this paragraph, whether assembled or unassembled, is subject merchandise included in the scope and subject to duties." *Id*.

## ALLEGATIONS OF ERROR OF FACT AND LAW

## COUNT 1

14. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 13.

15. Section 701(a) of the Tariff Act instructs Commerce to impose countervailing ("CVD") duties on "a class or kind of *merchandise imported, or sold* (or likely to be *sold*) for *importation*, into the United States "if a countervailable subsidy is provided with respect to that merchandise and the U.S. International Trade Commission (the "Commission") finds injury or threat of injury to a domestic industry "by reason of imports of *that merchandise* or by reason of *sales* (or the likelihood of *sales*) of *that merchandise for importation* …." 19 U.S.C. § 1671(a) (emphasis added).

16. Dictionary definitions describe "merchandise" as "a movable object involved in trade or traffic, that which is passed from hand to hand by purchase of sale" or "the commodities or

goods that are bought and sold in business." *See Merchandise*, BLACK'S LAW DICTIONARY (8th ed. 2004); *Merchandise*, Webster's Third New International Dictionary Unabridged (1986).

17. Section 706 of the Tariff Act stipulates that if Commerce and the Commission make affirmative final determinations in connection with an CVD investigation, Commerce shall publish an CVD order, which "directs customs officers to assess a countervailing duty equal to the amount of the net countervailable subsidy determined to exist …, includes a description of the subject *merchandise*, in such detail as the administering authority deems necessary," and "requires the deposit of estimated countervailing duties pending liquidation of entries of *merchandise* at the same time as estimated normal customs duties on *that merchandise* are deposited." *Id*. § 1671e(a) (emphasis added).

18. The scope of the investigation, however, purported to cover "aluminum extrusions contained in merchandise that is a *part or subassembly of a larger whole*, whether or not the merchandise also contains a component other than aluminum extrusions that is beyond a fastener." Final Determination, 89 Fed. Reg. at 80,528 (emphasis added).

19. Under these plain meaning definitions of "merchandise," the scope of Commerce's investigation exceeded Commerce's authority to impose CVD duties because while raw aluminum extrusions constitute "merchandise," aluminum extrusions that enter the United States as an *input* to subassemblies and other downstream products are not "merchandise."

20. These provisions underscore the fact that the Tariff Act does not permit imposition of CVD duties on mere "inputs" to merchandise any more than it would permit assessment of normal customs duties on mere "inputs". In both cases, the duties must be assessed on actual "merchandise," not "inputs" to merchandise.

DMS_US.368801189.1

21. As a result, Commerce has exceeded its authority to include within the scope inputs of imported merchandise and apply CVD duty liability to such inputs.

22. For these reasons, the scope of investigation, and the final determination incorporating that scope, is not supported by substantial evidence and is otherwise not in accordance with law.

## REQUEST FOR RELIEF

23. Plaintiff respectfully requests that this Court:

(a) Hold and declare that Commerce's Final Determination is unsupported by substantial evidence and is otherwise not in accordance with law;

(b) Remand this matter to Commerce for reconsideration for disposition consistent with the Court's decision; and

(c) Grant Plaintiff such additional relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Douglas J. Heffner*

Douglas J. Heffner
Carrie Bethea Connolly
Richard P. Ferrin

Faegre Drinker Biddle & Reath LLP
1500 K Street, N.W.
Suite 1100
Washington, DC 20005

Counsel to Sign-Zone LLC

Date: January 13, 2025

DMS_US.368801189.1

*Sign-Zone LLC v. United States*
*Court No. 24-00249*

**NOTICE TO INTERESTED PARTIES**

Pursuant to USCIT Rule 3(f), the undersigned hereby certifies that, on January 13, 2025, the undersigned caused service of the Complaint in this action upon the parties listed below by certified mail, return receipt requested:

**On Behalf of the United States:**
Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza, Room 346
New York, NY 10278

Supervising Attorney
Civil Division
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, N.W.
Washington, DC 20005

**On Behalf of the United States Department of Commerce**
General Counsel of the U.S. Department of Commerce
Office of the Chief Counsel for Trade Enforcement and Compliance
U.S. Department of Commerce
14th & Constitution Avenue, N.W.
Washington, DC 20230

**On Behalf of U.S. Aluminum Extruders Coalition and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union:**
Robert E DeFrancesco III, Esq.
Wiley Rein LLP
2050 M Street, NW
Washington, DC 20036
Phone: 202-719-7000
Email: rdefrancesco@wiley.law

**On Behalf of HTM MBS LLC:**
Daniel L. Porter, Esq.
Curtis, Mallet-Prevost, Colt & Mosle LLP
1717 Pennsylvania Avenue, NW
Washington, DC 20006
Phone: 2024527373
Email: dporter@curtis.com

**On Behalf of Ashley Furniture Industries, LLC and Kimball International Inc., JA Solar Vietnam Company Limited, LONGI MALAYSIA SDN. BHD., Vietnam Sunergy Joint Stock Company, LONGi Solar Technology (H.K.) Limited, The Home Depot USA, Inc.:**
Kristin H. Mowry, Esq.
Mowry & Grimson PLLC
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015
Phone: 202-688-3610
Email: khm@mowrygrimson.com

**On Behalf of Larkcorp International Co., Ltd.; NingBo Xingfu Tools Co. Ltd. , LSF Logistics LLC ("LSF"); Top Knobs USA, Inc., and Hardware Resources, Inc.:**
Jeffrey S. Neeley, Esq.
Husch Blackwell LLP
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, DC 20006
Phone: 202-378-2357
Email: jeffrey.neeley@huschblackwell.com

**On Behalf of Polaris Industries Inc.; Springfield Marine Company:**
Matthew R. Nicely, Esq.
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006-1037
Phone: 202-887-4046
Email: mnicely@akingump.com

**On Behalf of Guangdong XinWei Aluminum Products Co., Ltd.:**
Shanshan Liang, Esq.
The Mooney Law Firm
2104 Delta Way, Unit 1
Tallahassee, FL 32303
Phone: 8508930670
Email: sliang@customscourt.com

**On Behalf of Trina Solar Energy Development Company, Trina Solar (Vietnam) Science & Technology Co., Ltd., and Trina Solar Science & Technology (Thailand) Ltd.:**
Jonathan M. Freed, Esq.
Trade Pacific PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC 20003
Phone: 2022233760
Email: jfreed@tradepacificlaw.com

**Representative of Ningbo Innopower Tengda Machinery Co., Ltd, Yuyao Beily Sanitary Ware Co., Ltd, Dongguan City Hongcheng Household Articles Co.,Ltd, Wang Mao Homeware Co., Limited, and Hao Mei Aluminium Products Company Limited and Hangzhou Evernew Machinery and Equipment:**
David Craven, Esq.
Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
Phone: 7737098506
Email: david.craven@tradelaw.com

**On Behalf of Contemporary Amperex Technology Co., Ltd.; Contemporary Amperex Technology (Hong Kong) Limited; Contemporary Amperex Technology Co., Limited Hong Kong Branch; Xiamen Ampace Technology Limited:**
Brady W. Mills, Esq.
Morris, Manning & Martin, LLP
1333 New Hampshire Avenue, NW
Suite 800
Washington, DC 20036
Phone: 202-408-5153
Email: bmills@mmmlaw.com

**On Behalf of Deller Industry Co., Ltd.:**
Heather Jacobson, Esq.
Nakachi Eckhardt & Jacobson, P.C.
2815 Elliott Avenue
Suite 100
Seattle, WA 98121-2991
Phone: 2066217878
Email: hjacobson@tradelawcounsel.com

3

**On Behalf of Risen Solar Technology Sdn. Bhd.:**
Gregory S. Menegaz, Esq.
deKieffer & Horgan
1156 15th Street, NW
Suite 1101
Washington, DC 20005
Phone: 202-783-6900
Email: gmenegaz@dhlaw.com

**On Behalf of Hanwha Solutions Corporation, Marine Accessories Corporation, Bergstrom, Inc. and Bergstrom China Group Partners, LLC:**
Leah Scarpelli, Esq.
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Phone: 202-715-8403
Email: leah.scarpelli@afslaw.com

**On Behalf of GameChange Solar Corp., ShelterLogic Corp., MOTIS LLC, Zipwall LLC, INTEX Recreation Corp.:**
Jordan Charles Kahn, Esq.
Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP
1201 New York Avenue NW
Ste 650
Washington, DC 20005
Phone: 2027836881
Email: jkahn@gdlsk.com

**On Behalf of Sanhua (Hangzhou) Micro Channel Heat Exchanger Co., Ltd.:**
Peter J. Koenig, Esq.
Squire Patton Boggs (US) LLP
2550 M Street, NW
Suite 300
Washington, DC 20036
Phone: 202-457-6000
Email: peter.koenig@squirepb.com

**On Behalf of MAHLE Behr USA Inc.; MAHLE Behr Charleston Inc.; MAHLE Behr Dayton L.L.C.; MAHLE Behr Service America L.L.C.; MAHLE Behr Manufacturing Management, Inc.; and MAHLE Behr Mt. Sterling, Inc.; MAHLE Behr Rio Bravo, S. de R.L. de C.V.; MAHLE Behr Mexico, S. de R.L. de C.V.; and MAHLE Behr Service Mexico, S. de R.L. de C.V. (collectively, "MAHLE"); Detroit Thermal Systems, LLC, The Government of China:**
Mark Ludwikowski, Esq.
Clark Hill PLC
1001 Pennsylvania Ave., NW
Suite 1300 South
Washington, DC 20004
Phone: 2027720909
Email: mludwikowski@clarkhill.com

**On Behalf of Shandong Huajian Aluminum Group Co., Ltd.:**
Adams Lee, Esq.
Harris Sliwoski LLP
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: 2062245657
Email: adams@harris-sliwoski.com

**On Behalf of Mincey Marble Manufacturing, Inc.:**
Emily Lawson, Esq.
Appleton Luff Pte Ltd
1700 Seventh Ave.
Suite 2100
Seattle, WA 98101
Phone: 1-206-357-8522
Email: lawson@appletonluff.com

**On Behalf of Central Purchasing, LLC, Harbor Freight Tools USA, Inc., Aqua EZ Inc.:**
Richard Mojica, Esq.
Miller & Chevalier Chartered
900 16th Street NW
Washington, DC 20006
Phone: 202-626-1571
Email: rmojica@milchev.com

**On Behalf of Suzhou Dayer Mechatronic Hi-Tech Co., Ltd. , Unirac, Inc, Tricam Industries Inc., Bath Authority LLC dba Dreamline, TAG Hardware Systems LTD, Tractor Supply Company and Skyline Displays LLC:**
William Marshall, Esq.
Sandler, Travis & Rosenberg, P.A.
1300 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004-3002
Phone: 202-216-9307
Email: wmarshall@strtrade.com

**On Behalf of the Embassy of the People's Republic of China:**
Yangfan Xie
Embassy of the People's Republic of China
Economic and Commercial Office
2133 Wisconsin Ave, NW
Washington, DC 20007
Phone: 202-625-3448
Email: myjjjcky@mofcom.gov.cn

**On Behalf of Valeo North America, Inc.:**
Daniel Cannistra
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
Phone: 202-624-2500
Email: dcannistra@crowell.com

**On Behalf of Guangdong Yongfeng Lihua Shading Technology Co., Ltd.:**
SI LI
Zhonglun Law Firm
20 Jin He East Avenue
Chaoyang District
Beijing 100020, P. R. China
Phone: 861059572288
Email: lisi@zhonglun.com

**On Behalf of Peloton Interactive Inc., SunPower Corporation Mexico S. de R.L. de C.V.:**
John R. Magnus
Tradewins LLC
1330 Connecticut Ave. NW
Washington, DC 20036
Phone: 202-744-0368
Email: john.magnus@starpower.net

6

**On Behalf of Zhejiang Guoyao Aluminum Products Co., Ltd.**
Xiaohua Hou
Commerce & Finance Law Offices
12-14th Floor, China World Office 2, No. 1 Jianguomenwai Avenue, Beijing 100004, China
Phone: 861065637181
Email: xiaohuahou@tongshang.com

**On Behalf of Whirlpool Corporation:**
Thomas M. Beline
Cassidy Levy Kent (USA) LLP
2112 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20037
Phone: 202-567-2316
Email: tbeline@cassidylevy.com

**On Behalf of Rowley Company:**
David Robinson
Maynard Nexsen PC
4141 Parklake Avenue
Suite 200
Raleigh, NC 27612 USA
Phone: 919/7551800
Email: drobinson@maynardnexsen.com

**On Behalf of LCI Industries and its wholly-owned subsidiary, Lippert Components, Inc.:**
Jeremy Ross Page
Page Fura, P.C.
939 W. North Ave, Suite 750
Chicago, IL 60642
Phone: 3127816100
Email: jeremy.page@pagefura.com

**On Behalf of Direct Scaffold Supply, LLC:**
Michael J Lowell
Reed Smith LLP
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005-3317
Phone: 202-414-9200
Email: mlowell@reedsmith.com

**On Behalf of Lockheed Martin Aeronautics Company:**
Brett Harris
Roll & Harris LLP
2001 L Street, NW
Suite 500
Washington, DC 20036
Phone: 2029030301
Email: brett.harris@thetradelawfirm.com

      /s/Richard P. Ferrin
Richard P. Ferrin
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, DC 20005
*Counsel to Plaintiff*